# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEPHANIE WOODWARD, | Case No. 2:19-cv-00019-APG-CWH |
| Plaintiff, | **ORDER** |
| v. | |
| EXPERIAN INFORMATION SOLUTIONS, INC., et al., | |
| Defendants. | |

Presently before the court is defendant Experian Information Solutions, Inc.'s ("Experian") motion for a protective order (ECF No. 49), filed on May 5, 2019. Plaintiff Stephanie Woodward filed a response on May 5, 2019. Experian did not file a reply.

Also before the court is Experian's motion to stay (ECF No. 53), filed on May 3, 2019. Woodward filed a response (ECF No. 58) on May 21, 2019. Experian filed a reply (ECF No. 61) on May 28, 2019.

Also before the court is Experian's renewed motion for protective order (ECF No. 56), filed on May 9, 2019. Woodward filed a response (ECF No. 60) on May 23, 2019. Experian filed a reply (ECF No. 64) on May 30, 2019.

Also before the court is Experian's motion to strike (ECF No. 59), filed on May 22, 2019. Woodward did not file a response, and Experian filed a notice of non-opposition (ECF No. 66) on June 6, 2019.

**I.     BACKGROUND**

Woodward initiated this action on January 3, 2019, alleging that Experian violated the Fair Credit Reporting Act and Nevada state law. (Compl. (ECF No. 1).) Experian then moved to dismiss the complaint. (Mot. to Dismiss (ECF No. 25).) On March 12, 2019, Woodward filed a first amended complaint, and Experian moved to stay discovery pending the resolution of its

| | |
|---|---|
| 1 | motion to dismiss. (First Am. Compl. (ECF No. 30); Mot. to Stay (ECF No. 31).) Experian then |
| 2 | filed a motion to dismiss Woodward's first amended complaint. (Mot. to Dismiss (ECF No. 36).) |
| 3 | The court then denied as moot both Experian's motion to dismiss and motion to stay, in light of |
| 4 | the first amended complaint. (Order (ECF Nos. 47, 48).) |

Experian now moves for a protective order preventing Woodward from taking discovery pending the court's ruling on Experian's motion to stay. (Mot. for Protective Order (ECF No. 49).) Woodward responds that the motion is moot because the court issued a ruling on the motion to stay. (Resp. (ECF No. 54).)

Experian renewed it motion to stay on May 3, 2019, requesting that the court stay discovery pending the court's ruling on its renewed motion to dismiss. (Mot. to Stay (ECF No. 53).) Woodward filed her response on May 21, 2019, arguing that Experian failed to meet and confer before filing the motion and that discovery is necessary for the court to resolve the pending motion to dismiss. (Resp. (ECF No. 58).) Experian replies that Woodward's response was untimely and that a stay of discovery is warranted. (Reply (ECF No. 61).)

Experian renewed its motion for protective order on May 9, 2019, requesting that the court prevent Woodward from taking any discovery pending the court's ruling on its second motion to stay. (Renewed Mot. for Protective Order (ECF No. 56).) Further, Experian notes that this renewed motion for protective order is "substantially the same as the [Second] Motion to Stay Discovery." (*Id.* at 1.) Woodward responds that Experian failed to meet and confer prior to filing the motion and that discovery is necessary for the court to resolve the renewed motion to dismiss. (Resp. (ECF No. 60).) Experian replies that a protective order is proper for the same reasons as its motion to stay. (Reply (ECF No. 64).)

Experian also moves to strike Woodward's untimely response to its renewed motion to stay. (Mot. to Strike (ECF No. 59).) Experian then filed a notice of non-opposition, noting that Woodward did not file a response, and requesting that the court strike the response to the motion to stay. (Notice of Non-Opposition (ECF No. 66).)

//

//

## II. MOTION FOR PROTECTIVE ORDER

Experian moves for a protective order preventing Woodward from taking discovery pending the ruling on Experian's first motion to stay (ECF No. 31). Given that the court issued a ruling on the first motion to stay, the first motion for protective order is denied as moot. (*See* Min. Order (ECF No. 48).)

## III. MOTION TO STAY AND MOTION TO STRIKE

Experian also moves to stay discovery pending the court's ruling on Experian's renewed motion to dismiss, and to strike Woodward's untimely response to the renewed motion to stay.

Under Local Rule 7-2(b), the "deadline to file and serve any points and authorities in response to the motion is 14 days after service of the motion." Further, Local Rule 7-2(d) states that the "failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to granting of the motion."

Here, Experian renewed its motion to stay discovery on May 3, 2019, to which Woodward filed her response on May 21, 2019. Experian subsequently moved to strike the untimely response to the renewed motion to stay. Woodward did not file a response to the motion to strike. As such, the court grants the motion to strike as unopposed. Given that the motion to strike requests that the court strike Woodward's untimely response to the motion to stay, the court must also grant the renewed motion to stay as unopposed. Therefore, discovery is stayed pending the court's resolution of Experian's renewed motion to dismiss. The parties may refile their proposed discovery plan and scheduling order, if necessary, once the court resolves the renewed motion to dismiss.

## III. RENEWED MOTION FOR PROTECTIVE ORDER

Experian moves for a protective order preventing Woodward from conducting any discovery pending the court's resolution of the renewed motion to stay. Given that the court has resolved the renewed motion to stay, the motion for protective order is denied as moot.

//

//

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Experian's motion for protective order (ECF No. 49) is DENIED as moot.

IT IS FURTHER ORDERED that Experian's motion to strike (ECF No. 59) is GRANTED.

IT IS FURTHER ORDERED that the clerk of court must strike Woodward's response (ECF No. 58) to the renewed motion to stay from the docket.

IT IS FURTHER ORDERED that Experian's motion to stay (ECF No. 53) is GRANTED. Discovery is STAYED pending the court's resolution of Experian's renewed motion to dismiss (ECF No. 36).

IT IS FURTHER ORDERED that the proposed discovery plan and scheduling order (ECF No. 41) is DENIED without prejudice. The parties may refile a proposed discovery plan and scheduling order, if necessary, once the court resolves the renewed motion to dismiss (ECF No. 36).

IT IS FURTHER ORDERED that Experian's renewed motion for protective order (ECF No. 56) is DENIED as moot.

DATED: June 11, 2019

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE