# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

STEPHANIE WOODWARD,

    Plaintiff

v.

EQUIFAX INFORMATION SERVICES, LLC, et al,

    Defendants

Case No.: 2:19-cv-00019-APG-DJA

**Order Granting Motion to Dismiss and Granting Motions to File Supplemental Authority**

[ECF Nos. 36, 75, 77]

This case arises from disputes over the reporting of plaintiff Stephanie Woodward's credit information by credit reporting agencies (CRAs), including the only remaining defendant Experian Information Solutions, Inc. (Experian). Woodward claims Experian violated several sections of the Fair Credit Reporting Act (FCRA) and Nevada law when it: (1) failed to provide the purpose of each soft inquiry in plain English; (2) made her information available to third parties for impermissible purposes; (3) failed to disclose her behavioral data and the third parties that receive her data; (4) failed to identify the sources of her name and address information; and (5) inaccurately reported her Wells Fargo Home Mortgage account by failing to include her post-bankruptcy payment history.

Experian moves to dismiss all claims against it. Experian also moves to file supplemental authority in support of its motion to dismiss. Woodward opposes Experian's motions and also moves to file supplemental authority. The parties are familiar with the facts so I will repeat them here only where necessary. I grant Experian's motion and dismiss this case.

/ / / /

/ / / /

## I. Requests for Judicial Notice and Filing Supplemental Authority

Woodward requests judicial notice of the exhibits attached to her response to Experian's motion to dismiss. ECF No. 42 at 2 n.1.  Experian objects to Woodward's use of testimony from other lawsuits. ECF No. 50 at 7.

"In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).  However, a court may consider other documents where (1) "the complaint necessarily relies upon the document" or (2) "the contents of the document are alleged in the complaint, the document's authenticity is not in question," and the document's relevance is not in dispute. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).  A court may also "take judicial notice of adjudicative facts not subject to reasonable dispute." *United States v. Chapel*, 41 F.3d 1338, 1342 (9th Cir. 1994); Fed. R. Evid. 201(b).

I take judicial notice of exhibits 4-7 (ECF No. 42-6 through 42-9) because the amended complaint necessarily relies on the documents, which encompass dispute letters and reinvestigation results.  I decline to consider exhibits 1 (an Experian File One Appendix from 2014), 2 (excerpts of record from a different case), and 3 (multi-CRAs annual credit report request form) because they do not fall into any of the hearsay exceptions, their relevance is in dispute, and they are not necessary to my decision.  Any allegations included in the amended complaint that reference the documents will be taken as true for the purposes of this motion.

I grant both parties' motions for leave to file supplemental authority under Local Rule 7-2(g).  The Ninth Circuit's recent decision, *Ramirez v. TransUnion LLC*, --- F.3d ----, No. 17-17244, 2020 WL 946973 (Feb. 27, 2020), does not change any of my rulings in this case.

Similarly, I may use Experian's supplemental authority, *Eric Steinmetz v. American Honda Finance, et al.*, No. 2:19-cv-00064-JCM-VCF, 2019 WL 4415090 (D. Nev. Sept. 16, 2019), as persuasive authority in support of by decision, but I am not bound by it.

## II. Analysis

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, I do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555. If I dismiss the complaint, I should grant leave to amend even if no request to amend is made "unless [I] determine[] that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000) (quotation omitted).

### A. Section 1681g: Disclosures

Section 1681g(a) provides in part that "[e]very consumer reporting agency shall, upon request . . . clearly and accurately disclose to the consumer . . . [a]ll the information in the consumer's file at the time of the request."[1] A consumer's file "includes all information on the consumer that is recorded and retained by a [CRA] that might be furnished, or has been

---

[1] Woodward also brings claims under Nevada's state law equivalent, which states that a CRA shall "[c]learly and accurately disclose to the consumer the nature and substance of the consumer report in its files . . . and disclose the names of the institutional sources of information." Nev. Rev. Stat. § 598C.130(1).

furnished, in a consumer report on that consumer." *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 759 (9th Cir. 2018) (quotation omitted) (alteration in original).

A CRA "must do more than simply make an accurate disclosure of the information in the consumer's credit file." *Gillespie v. Equifax Info. Servs., L.L.C.*, 484 F.3d 938, 941 (7th Cir. 2007). The disclosure must be "sufficient to allow the consumer to compare the disclosed information from the credit file against the consumer's personal information in order to allow the consumer to determine the accuracy of the information set forth in her credit file." *Id.*; *see also Shaw*, 891 F.3d at 760.

In contesting information, a plaintiff must show that the CRA "included similar information in a consumer report in the past or that it plans to do so in the future." *Gillespie v. Trans Union Corp.*, 482 F.3d 907, 909 (7th Cir. 2007). In *Gillespie*, the court noted that "Congress, it seems, chose to limit the right to contest information to material actually contained in consumer reports. And of course it was free to draw the line as it did." *Id.* at 910.

Woodward alleges Experian violated § 1681g by (1) failing to provide the purpose of each soft inquiry in plain English; (2) making her information available to third parties for impermissible purposes; (3) failing to disclose her behavioral data and the third parties that receive her data; and (4) failing to identify the sources of her name and address information. Woodward alleges these violations occurred in Experian's May 30, 2017 disclosure.

Experian argues that it was not required to provide the purpose of each soft inquiry to Woodward because soft inquiries are not included in consumer reports sent to third parties. It argues that Woodward fails to allege (1) that any third parties impermissibly accessed her credit report, (2) that she requested the sources of her address or name information, or (3) that she suffered any harm due to Experian's alleged failure to disclose the sources.

Experian also argues that Woodward lacks standing because she fails to allege that it collected her specific behavioral data, that data was sent to a third party, and for what purposes her data was used. It argues that even if she did have standing, Woodward has not plausibly alleged that ConsumerView, TrueTouch, Collection Advantage, and INSOURCE are credit products regulated by the FCRA or that these products are used to make credit eligibility determinations. It also argues that Experian Marketing Services, a separate entity, provides those products that are intended to assist businesses with marketing campaigns. And it argues that the behavioral data itself cannot be a consumer report because it does not bear on Woodward's creditworthiness, credit standing, or any other of the factors enumerated by Congress. Finally, Experian argues that Woodward has not plausibly alleged that her behavioral data was included in a consumer report. I grant Experian's motion as to these claims.

## 1. Soft Inquiries and Permissible Purpose

Woodward alleges that Experian failed to explain why particular soft inquiries had been made, and explained one inquiry using what Woodward believes is a code rather than plain English. But she does not plausibly allege that soft inquiries were included in a consumer report or will be included in a consumer report in the future. Further, I, along with other courts, have found that soft inquiries are not shared with third parties. *See* ECF No. 36 at 15-16 (citing cases); *Steinmetz v. American Honda Finance, et al.*, No. 2:19-cv-00067-APG-EJY, 2020 WL 1324989, at *10 (D. Nev. Mar. 20, 2020). Experian therefore was not required to share or explain the reason why those inquiries had been made.

Woodward also alleges that Experian misrepresented to her that it offers credit information only to those with a permissible purpose. She alleges that Experian provides credit information in a consumer report known as a "Bullseye," which contains information from a

variety of sources, including the consumer, a third-party furnisher, and Experian. She alleges that Experian does not require a permissible purpose before a Bullseye report is provided. However, a Bullseye report is not a consumer report sent to third parties. Instead, a Bullseye report is a "verification tool to allow furnishers to view and verify their previously reported data for a particular consumer." *Steinmetz*, 2020 WL 1324989, at *10. Similar to the plaintiff in *Steinmetz*, Woodward does not allege that allowing furnishers to view their previously reported data is an impermissible purpose under the FCRA, likely because the FCRA imposes duties on furnishers to report accurate information and to correct and update any information reported. *See, e.g.*, 15 U.S.C. § 1681s-2. Woodward thus has not plausibly alleged that Experian violated § 1681g(a)(1) in this way.

### 2. Behavioral Data

Woodward alleges that Experian "amasses and maintains an enormous amount of 'behavioral' data on consumers, such as household income, purchase history, employment history, education history, type of residence, and even whether an individual is a 'dog' or 'cat' person." ECF No. 30 at 16. She alleges that Experian created and used "credit products" known as OmniView, ConsumerView, TrueTouch, and MetroNet to market behavioral data to third parties. *Id.* at 16-18. She alleges MetroNet's database contains information from INSOURCE, "the nation's largest repository of consumer marketing demographic data." *Id.* at 17. She alleges that information from these databases can be included in a consumer report. Woodward also alleges that Experian sells a suite of services, called "collection advantage," which permits the user to combine data from different Experian databases. She also alleges that Experian has provided behavioral data to third parties who in turn sell the data to credit decision-makers. And

1 she alleges that Experian failed to include information about her behavioral data in her

2 disclosure, in violation of § 1681g.

3      Woodward cannot prevail on this claim because she has not plausibly alleged that

4 Experian specifically maintains and distributes her behavioral data.  Woodward alleges "on

5 information and belief" that TrueTouch has her information because it is advertised as having

6 data on more than 300 million individuals. ECF No. 30 at 16-17.[2]  She does not address whether

7 the other databases she names contain her information.

8      "The *Twombly* plausibility standard . . . does not prevent a plaintiff from pleading facts

9 alleged upon information and belief where the facts are peculiarly within the possession and

10 control of the defendant or where the belief is based on factual information that makes the

11 inference of culpability plausible." *Soo Park v. Thompson*, 851 F.3d 910, 928 (9th Cir. 2017).

12 The facts Woodward relies on are too speculative to conclude that Experian must maintain her

13 behavioral data.  There is nothing specific to link Woodward's behavioral data to any of the

14 databases apart from one database's advertisement that it maintains millions of persons' data.

15 Had Woodward received a consumer report or disclosure that included her behavioral data, or

16 learned from a third party that it received her behavioral data in a consumer report, then she may

17 have been able to plead facts to support her allegations that Experian maintains and distributes

18 her behavioral data to third parties.

19      Woodward does not allege that Experian provided this behavioral data in consumer

20 reports to third parties.  Her amended complaint states that Experian provides behavioral data,

21

22 [2] Woodward states, "[g]iven that ConsumerView is advertised as having the 'freshest' data on

23 'more than 300 million individuals,' on information and belief the information in Experian's
TrueTouch database contained information regarding Plaintiff." ECF No. 30 at 16-17.  To the
extent Woodward intended to allege that ConsumerView, and not TrueTouch, maintains her
information, it does not change my analysis.

either directly or indirectly, to third parties who in turn sell the data to other credit decision-makers. Consequently, there appears to be an additional degree of separation between Experian's conduct and a party seeking information for credit-related purposes.

Woodward alternatively alleges that if Experian does not store its behavioral data itself then Experian violated § 1681g(a)(3) and Nevada Revised Statutes § 598C.130—which require a CRA to disclose the names of all persons who procured a consumer report within an allotted timeframe—because Experian did not disclose to Woodward that it transmitted her behavioral data to third parties. ECF No. 30 at 19. However, Woodward has not plausibly alleged that whatever Experian allegedly sends to third parties is a consumer report that is given to third parties for credit-related purposes, or that Experian has collected her specific behavioral data. Accordingly, this alternative theory fails as well.

In sum, Woodward has failed to state a § 1681g or state law claim because she has not plausibly alleged that these databases store her behavioral data or that Experian has provided, or will provide, her behavioral data in a consumer report sent to third parties for credit-related purposes.

### 3. Sources of Name and Address Information

Section 1681g(a)(2) requires a CRA to disclose, upon request, the sources of information contained in a consumer's file. Woodward alleges that Experian did not identify the sources of the name and address information "in plain English" and that Experian used "cryptic, numeric codes" that deprived her of the ability to determine its accuracy. ECF No. 30 at 20. But her amended complaint does not allege she requested the source information from Experian, so she cannot assert a § 1681g(a)(2) violation. *See Diaz v. Chase*, 416 F. Supp. 3d 1090, 1097 (D. Nev. 2019) (dismissing without prejudice Diaz's failure-to-disclose claim because "Diaz does not

allege that he requested Experian to include the sources or the name of each person that procured a consumer report").

Even assuming that Woodward requested the source information, she fails to plausibly allege that the information she received was not clear or accurate. While she alleges that Experian identified the sources through codes, which prohibited her from determining their accuracy, she also states that Experian disclosed that it stores address information as it is sent to Experian by Woodward's credit grantors or from information contained in public records. Thus, Woodward acknowledges that Experian provided sources for this information by stating that it comes from credit grantors or from public records.

Woodward alleges that the explanations Experian provided about the sources of information frustrated her ability to follow up with those sources to dispute inaccurate information. But § 1681g requires only that a CRA provide clear and accurate information so that a consumer can "check the accuracy of the information possessed by a consumer reporting agency." *Gillespie*, 484 F.3d at 940. Woodward has not alleged that Experian frustrated her ability to check the accuracy of the information it maintains on her because she never alleged that any of her name and address information was inaccurate.

Accordingly, Woodward's amended complaint fails to plausibly allege that Experian did not identify the sources of the name and address information in a clear and accurate way.

**B. Sections 1681e and 1681i: Reasonable Procedures and Reinvestigations**

Woodward alleges that Experian violated §§ 1681e and 1681i when it reported, and failed to correct in its reinvestigations, her Wells Fargo Home Mortgage account as being included in her Chapter 13 bankruptcy and failed to report positive payment history from July 2016 through April 2017. She alleges that Experian's actions created misperceptions about her timely monthly

payments on her mortgage. And she alleges that Experian's conduct failed to comply with the industry's Metro 2 reporting guidelines, which made the information materially misleading.

I will not go into detail regarding the parties' multiple arguments related to these allegations. I grant Experian's motion as to Woodward's §§ 1681e and 1681i claims because Woodward has failed to allege an actual inaccuracy.

Section 1681e of the FCRA outlines CRA compliance procedures and requires that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." To bring a claim under this provision, "a consumer must present evidence tending to show that a credit reporting agency prepared a report containing inaccurate information." *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995).

If a consumer disputes the accuracy of information in his file, § 1681i requires the CRA to "conduct a free and reasonable investigation within thirty days of a consumer informing the CRA of disputed information." *Shaw*, 891 F.3d at 756 (citing 15 U.S.C. § 1681i(a)(1)(A)). To bring a claim under § 1681i, an actual inaccuracy must exist. *Id.*

"Thus, to sustain either a § 1681e or a § 1681i claim, a consumer must first make a prima facie showing of inaccurate reporting." *Id.* (quotations omitted). Reporting can be inaccurate if it is patently incorrect or "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Id.* (quotation omitted).

Woodward states in her amended complaint that she filed for Chapter 13 Bankruptcy on December 23, 2011. ECF No. 30 at 7. She also states that under her Chapter 13 plan, she would continue to make payments on her mortgage. *Id.* She was discharged from bankruptcy on March

16, 2017. *Id.* at 8.  Thus, Woodward confirms in her amended complaint that her mortgage was a part of her Chapter 13 Bankruptcy.

When a debtor makes all of her payments under her bankruptcy plan, "all debts provided for by the plan or disallowed under section 502 of" the bankruptcy code are discharged. 11 U.S.C. § 1328(a); *see also Reichardt v. Trans Union LLC*, No. CV-18-00223-TUC-RCC, 2019 WL 1359119, at *2 (D. Ariz. Mar. 26, 2019).  The Ninth Circuit has interpreted "'provided for' to include any debt when it is 'dealt with' in any manner and 'upon any terms,'" such as debts included in the plan that are not paid through a bankruptcy trustee. *Reichardt*, 2019 WL 1359119, at *3 (citing *In re Gregory*, 19 B.R. 668, 669-70 (B.A.P. 9th Cir. 1982), *aff'd sub nom.* 705 F.2d 1118 (9th Cir. 1983)) (alterations omitted); *see also Rake v. Wade*, 508 U.S. 464, 473 (1993) (noting the "most natural reading of the phrase to 'provide for' by the plan is to 'make a provision for' or 'stipulate to' something in a plan") (alterations omitted).

When a debt is discharged in bankruptcy, a CRA may report the account as having a $0 balance and it need not report post-bankruptcy payments because the debtor no longer has personal liability on the account. *Steinmetz*, 2020 WL 1324989, at *4; *See also Schueller v. Wells Fargo & Co.*, 559 Fed. App'x 733, 737 (10th Cir. 2014).  Further, deviating from Metro 2 guidelines does not necessarily create a violation under the FCRA. *Steinmetz*, 2020 WL 1324989, at *5.

Woodward's Wells Fargo Home Mortgage account reported payments from 2005-January 2012.  Woodward filed for bankruptcy on December 21, 2011. ECF No. 42-6 at 7.  Thus, Experian stopped reporting any information on the account while Woodward was involved in bankruptcy proceedings.  Woodward's account is reported as having a $0 balance and having a status of "discharged through Bankruptcy Chapter 13/Never late." *Id.*  This information is

accurate because Woodward's mortgage was provided for in her Chapter 13 plan and after it was discharged, she no longer retained personal liability on the loan.  Thus, it was not improper for Experian to suppress information on payments Woodward made from July 2016 through April 2017 because it had no obligation to report those payments. *See Schueller*, 559 Fed. App'x at 737 (finding it was proper for Wells Fargo to not include payments on plaintiff's account after November 1, 2010 because that account was discharged in bankruptcy in December 2011).[3] Accordingly, Woodward has failed to plausibly allege an inaccuracy and her §§ 1681e and 1681i claims are dismissed.

### C.  Leave to Amend

Woodward asks that, if I dismiss any of her claims, I grant her leave to amend to cure her pleading deficiencies because she has not yet had the opportunity to assess what factors I may find lacking. ECF No. 42 at 24-25.  Experian responds that Woodward already had an opportunity to amend her complaint and failed to correct any of its deficiencies.

Leave to amend a pleading "should [be] freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a).  Amendment generally should be denied "only upon showing of bad faith, undue delay, futility, or undue prejudice to the opposing party." *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011).  "Rule 15(a) is designed to facilitate decision on the merits, rather than on the pleadings or technicalities." *Id.* (citation omitted).

---

[3] Woodward argues in her response that her mortgage was not discharged in her bankruptcy, but she provides no facts or authority to support this assertion.  If a debt is excepted under one of the provisions in 11 U.S.C. § 1328, it is not discharged. *See Reichardt*, 2019 WL 1359119, at *4. Woodward does not argue that her mortgage was excepted from her discharge order and instead states that, pursuant to her Chapter 13 plan, she made ongoing payments on her mortgage obligation.  She has failed to plead that her mortgage was not excepted from discharge and that she retained personal liability on her mortgage after her bankruptcy plan was confirmed. Accordingly, Woodward has failed to plausibly allege a factual inaccuracy in Experian's reporting.

I deny leave to amend because amendment would be futile. Woodward's amended complaint relies on allegations that Experian reported inaccurate information when it did not. Woodward also fails to plausibly allege that Experian's disclosures were unclear or inaccurate, or lacked information in her file that would be included in a consumer report sent to third parties for credit-related purposes. Woodward has had sufficient notice of these deficiencies to correct them if she could. Experian raised these issues in its original motion to dismiss. ECF No. 25. Woodward filed an amended complaint that was nearly identical to her first complaint and did not respond to any of the deficiencies Experian presented in its motion. If she had other facts to cure the deficiencies in her pleading, she would have included them in her amended complaint. In response to Experian's motion, Woodward has not indicated that she has additional facts to support her claims other than what she has now twice alleged. Accordingly, Woodward's claims are dismissed with prejudice.

## III. Conclusion

I THEREFORE ORDER that the parties' respective motions for leave to file supplemental authority **(ECF No. 75, 77) are GRANTED.**

I FURTHER ORDER that defendant Experian Information Solutions, Inc.'s motion to dismiss **(ECF No. 36) is GRANTED with prejudice**. The clerk of court is instructed to enter judgment in favor of defendant Experian Information Solutions, Inc. and against plaintiff Stephanie Woodward, and to close this case.

DATED this 25th day of March, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE